MARK WESBROOKS
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
(602) 262-0390
Fax: (888) 477-5598
Mark.Wesbrooks@azbar.org
State Bar No. 018690
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re:<br><br>CATHERINE ANN WILLIAMSON,<br><br>Debtor. | Chapter 13<br><br>Case No. 2:15-bk-15653<br>            2:16-bk-00788 |
| In Re:<br><br>ROBERT LANCASTER WILLIAMSON, III.,<br><br>Debtor. | DEBTORS' MOTION TO MODIFY THE AUTOMATIC STAY<br><br>RE: Civil Action<br><br>(Jointly Administered) |
| **This pleading applies to the case or cases a noted above.** | |

      NOW COMES, Debtors, by and through undersigned counsel, pursuant to 11 U.S.C. 362(a), moves for relief from the automatic stay to allow the United States District Court for the District of Nevada to continue its adjudication of claims by and against Catherine Ann Williamson and Robert Lancaster Williamson, III ("Debtors"), which include the claim of Creditor, Victoria Gunvalson ("Gunvalson"), who has filed a proof of claim in case number 2:16-bk-00788. Debtor, Robert

DEBTORS' MOTION FOR RELIEF FROM STAY – Page 1

Williamson III is filing an Objection to the Proof of Claim of Gunvalson, which may only be resolved through allowing the Nevada District Court to conclude matters to final judgment. Furthermore, Gunvalson has filed an Objection to Confirmation of the Second Amended Chapter 13 Plan [Dkt. 66].

Resolution of such civil action adjudicating the claims by and against Debtors is necessary to determine the validity of claims, and to assess proper reconciliation and/or recoveries to the bankruptcy estate.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION AND BACKGROUND

1. On or about December 14, 2015, Debtor, Catherine Ann Williamson filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. On or about January 28, 2016, Debtor, Robert Lancaster Williamson, III, filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Such petitions are hereafter referred to as the "Petitions." Pursuant to 11 U.S.C. § 362(a)(1), the Petitions stayed the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the respective cases. Furthermore, the filing of each Petition afforded co-debtor say protections to each of the Debtors, who were spouses and co-debtors under application of state law.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. Prior to the filing of each Petition, Debtor, Robert Williamson III, along with other Plaintiffs, filed a civil action against Victoria Gunvalson ("Gunvalson"), Woo Hoo Productions, L.L.C., David Brooks Ayers ("Ayers"), and other Defendants, in the District Court of Nevada [Base Case No.: 2:13-cv-01019-JAD-GWF and Member Case No: 2:13-cv-02022-JAD-GWF]. Certain named Defendants, including Gunvalson and Ayers, presented counter-claims against Debtor, Robert Williamson, III. and cross-claims against Debtor, Catherine Williamson. Such claims remain unresolved.

4. Prior to the filing of the Petitions, the presiding Judge of the District Court decided a Motion for Summary Judgment in favor of Third Party Plaintiff, Brooks Ayers ("Ayers") and against Debtor Robert Williamson III. Thereafter, such District Court made a ruling upon Ayer's Motion for Attorney's Fees, rendering a Decision of award in the amount of $132,641.00 against Debtor, Robert Williamson III. At such time, Williamson was unrepresented by Counsel and did not file opposition to such Motion for Attorney Fees. Ayers subsequently assigned the Interlocutory Judgment (entered postpetition, but without notice of the bankruptcy) ("Interlocutory Judgment") to Gunvalson, which serves as the basis for Gunvalson's Proof of Claim filed in 2:16-bk-00788.

5. Williamson is presently seeking to have the District Court reconsider its Decision and vacate the Interlocutory Judgment. Furthermore, Debtors seek to have the District Court to move forward with adjudicating remaining claims by and against the Debtors. The District Court requires an Order lifting the automatic stay of bankruptcy to permit such litigation to be fully adjudicated through final judgment.

6. The Presiding Judge of the District Court has advised that the civil action between the Debtors and Defendants may not be concluded without this Court affording relief from the stay for such purpose.

## STAY REMOVAL REQUESTED

7. Debtors move the Court to order the stay removed to allow the United States District Court to conclude all proceedings in Base Case No.: 2:13-cv-01019-JAD-GWF and Member Case No: 2:13-cv-02022-JAD-GWF, through entry of final judgment as to all claims, issues and parties.

8. Debtors assert that the stay should be removed for purposes of fully and finally litigating all claims by and against the Debtors through final judgment. The stay should remain as to an attempt to enforce any resulting judgment in the Civil Court against the Debtors or property of the Bankruptcy estate. In this regard, the parties should be ordered to return to this Court before attempting to enforce any judgment against either Debtor or property of each bankruptcy estate.

9. Debtors assert that the most efficient and economical mechanism to resolve the claims by and against the Debtors is to permit the United States District Court for the District of Nevada to conclude its litigation by and among the various parties, which include claims necessary for resolution in the Chapter 13 case. Given the number of parties, the complexities of issues, presence of cross-claims and third-party actions, it seems appropriate to allow the District Court to conclude such matters, as opposed to removal of such action to this Court.

## **CONCLUSION**

The Court should grant relief from stay to permit the District Court of Nevada to fully and completely adjudicate all claims by and against the Debtors pending before such Court. The Court

should include as part of its Order that parties may not seek enforcement of any judgment against the Debtors or property of the bankruptcy estate without further Order of this Court.

Movants pray for general relief.

**RESPECTFULLY SUBMITTED** this 19th day of December, 2016,

THE WESBROOKS LAW FIRM, P.L.L.C.

By *MW018690*
    Mark Wesbrooks
    State bar No. 018690
    ATTORNEYS FOR DEBTORS