Rachel Flinn, Esq. #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CATHERINE ANNE WILLIAMSON,<br><br>Debtor.<br><br>And<br><br>ROBERT LANCASTER WILLIAMSON, III<br><br>Debtor, | In Proceedings Under Chapter 13<br><br>Case No. 2-15-bk-15653-PS<br>Case No. 2-16-bk-00788-PS<br><br>**TRUSTEE'S OBJECTION TO CLAIMS OF PROPERTY AS EXEMPT** |

Russell A. Brown, Chapter 13 Trustee, objects to property of Debtors claimed as exempt in this case.

The Debtors have claimed federal exemptions under 11 U.S.C. §522(d). According to the Debtors' Statement of Financial Affairs, the Debtors assert that they resided in Nevada from June 20, 2011 through July 4, 2015. If this residency history is correct, it appears that the Debtors would be entitled to claim federal exemptions, as Nevada's opt-out provision does not apply to non-residents.

However, the Trustee's research has revealed that the Debtors have no prior addresses in Nevada. Although the Debtors did register their business with the Nevada Corporation Commission, the Trustee has uncovered no prior residential addresses in Nevada during the time frame in question. The Trustee's research shows that during the time period in question, the Debtors owned both their current residence in Chandler Arizona, and their second home in Dallas, Texas.

The Trustee notes that Mrs. Williamson's responses on the Trustee Questionnaire add another layer of confusion regarding the Debtors' prior residences. Mrs. Williamson stated that she resided in Dallas, Texas from 2004 through 2014 and Las Vegas, Nevada from 2009 through August 2015. It is the Trustee's position that the Debtor cannot have more than one residence at a time.

The Trustee requires the Debtors to provide documentation evidencing their residency in Nevada during the time frame claimed on the Debtors' Statement of Financial Affairs, June 20, 2011 through July 5, 2015.

Further, the Trustee specifically objects to the Debtors' claim of a homestead exemption on real property in which it does not appear that the Debtors reside. 11 U.S.C. §522(d)(1) states property that shall be exempt from process; "The debtor's aggregate interest, not to exceed $22,975.00 in value, in real property or personal property that the *debtor or a dependent of the debtor uses as a residence*" (emphasis added).

Debtors' Schedules A and C describe the property claimed as exempt as 5829 Copperwood Lane #1129, Dallas, Texas 75248. However, both of the Debtors' Voluntary Petitions list their residential address at 2272 S. McClleland Place, Chandler, Arizona 85286. Therefore, it appears that the Debtors do not reside in the real property in which they are attempting to claim a homestead exemption.

If the Debtors provide sufficient documentation to determine that the Debtors resided in Nevada during the time frame in question and that the Debtors currently reside in the real property in Texas, the Trustee will withdraw his objections to the exemptions.

Wherefore, based on the foregoing, the Trustee objects to property of Debtors claimed as exempt under 11 U.S.C. §522(d) and further requests the Court deny the homestead exemption claimed under 11 U.S.C. §522(d)(1) in its entirety.

Rachel Flinn, Esq. #027000
Staff Attorney for Chapter 13 Trustee
*RFlinn@ch13bk.com*

| | |
|---|---|
| 1 | Copy of the foregoing mailed or emailed to the following parties on the date of the |
| 2 | electronic signature affixed hereto: |
| 3 | CATHERINE ANNE WILLIAMSON |
|   | 2272 SOUTH MCCLELLAND PLACE |
| 4 | CHANDLER, AZ 85286 |
| 5 | ROBERT LANCASTER WILLIAMSON III |
|   | 2272 SOUTH MCCLELLAND PLACE |
| 6 | CHANDLER, AZ 85286 |
| 7 | MARK D. WESBROOKS |
|   | THE WESBROOKS LAW FIRM, P.L.L. |
| 8 | WESBROOKSEFAX@GMAIL.COM |