Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602-253-8346
*mail@ch13bk.com*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| CATHERINE ANNE WILLIAMSON, | Case No. 2-15-bk-15653 PS |
| AND | Case No. 2-16-bk-00788-PS |
| ROBERT LANCASTER WILLIAMSON III | **TRUSTEE'S NOTICE OF INTENT TO LODGE DISMISSAL ORDER** |
| Debtor. | |

Russell Brown, Chapter 13 Trustee, pursuant to L.R.B.P. 2084-10(b), provides notice of intent to lodge a dismissal order for failure of the Debtor to comply with the Recommendation or file an objection to the Recommendation and obtain a hearing date. The Trustee could lodge a dismissal order 13 calendar days after serving this Notice. A copy of the proposed Order Dismissing Case is attached.

Rachel Flinn
2018.06.21
11:31:47 -07'00'

_____
Russell Brown, Trustee
Rachel Flinn, Esq., Attorney for Trustee

A copy of this Notice of Intent to Lodge Dismissal Order was served by mail or email to the Debtor and Debtor's attorney on the date signed to:

MARK D. WESBROOKS
wesbrooksefax@gmail.com
Attorney for Debtor

CATHERINE ANNE WILLIAMSON
2272 SOUTH MCCLELLAND PLACE
CHANDLER, AZ 85286

ROBERT LANCASTER WILLIAMSON, III
2272 S. MCCLELLAND PLACE
CHANDLER, AZ 85286

Rachel Flinn
2018.06.21
11:31:55 -07'00'

Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
*mail@ch13bk.com*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>CATHERINE ANNE WILLIAMSON,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-15-bk-15653 PS<br><br>**ORDER DISMISSING CASE** |

The Trustee having notified the Court that the Debtor failed to comply with the Trustee's Recommendation as required by Local Rule 2084-10, the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(c)(1). The Trustee states the following reason(s) for lodging a dismissal order:

**Failure to comply with Trustee's recommendation and to bring plan payments current. The Trustee notes that an order approving final loan modification was entered on May 2, 2018, at Docket #190. Pursuant to the MMM Procedures, the Debtors had until May 30, 2018 to file an amended Plan incorporating the final loan modification order. A review of the Docket shows that an amended Plan incorporating the final loan modification order has not been filed. Further, the Debtors are delinquent on Plan payments in the amount of $10,500.00**

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtor's motion. The Court may set a hearing on any motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall retain his percentage fee from all payments and property received, even if the case is reinstated and converted to another chapter. After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will retain the funds in the case pending Court approval of the payment of administrative expenses of the attorney for the Debtor. If the Chapter 13 Plan contains an application for payment of administrative expenses and no party in interest filed an objection to the application, then the counsel for the Debtor may lodge an order approving the application within ten days after the Court enters this Dismissal Order. Alternatively, counsel for the Debtor has ten days after the Court enters this Dismissal Order to file and notice out a separate fee application. The Trustee is to pay from the funds on hand any adequate protection payments previously ordered by the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative expenses and adequate protection payments, then the Trustee shall pay the administrative expenses and adequate protection payments pro rata. Any remaining funds will be returned to the Debtor. If the attorney for the Debtor fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds according to this Order; and

(D) If the Court has entered a payroll deduction order on the wages of the Debtor or Debtors, then the Court vacates that order.

**ORDER SIGNED AND DATED ON PAGE ONE**

MARK D. WESBROOKS
wesbrooksefax@gmail.com
Attorney for Debtor

CATHERINE ANNE WILLIAMSON
2272 SOUTH MCCLELLAND PLACE
CHANDLER, AZ   85286

Rachel Flinn
2018.06.21
11:32:08 -07'00'

ROBERT LANCASTER
WILLIAMSON, III
2272 S. MCCLELLAND PLACE
CHANDLER, AZ 85286