In re:  
CATHERINE ANNE WILLIAMSON  
    Debtor

Case No. 15-15653-PS  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0970-2     User: rootk     Page 1 of 2     Date Rcvd: Sep 08, 2020  
                    Form ID: pdf010     Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2020.

```
db          +CATHERINE ANNE WILLIAMSON,    2272 S. MCCLELLAND PL.,    CHANDLER, AZ 85286-7632
aty         +MICHAEL D MAZUR,   MAZUR & BROOKS, A PROFESSIONAL LAW CORP,    2355 RED ROCK STREET SUITE 100,
              LAS VEGAS, NV 89146-3106
intp        +Robert Williamson III,    Wesbrooks Law Firm PLLC,    15396 N. 83rd Ave.,    Ste. C100,
              Peoria, AZ 85381-5627
cr          +SunTrust Mortgage Inc.,    1001 Semmes Avenue,    Richmond, VA 23224-2245
cr          +Suntrust Mortgage, Inc,    Bankruptcy Department RVW 3034,    PO Box 27767,
              Richmond, VA 23261-7767
cr          +Suntrust Mortgage, Inc,    Bankruptcy Department RVW 3034,    PO Box 27767,
              Richmond, VA 23261-7767
cr           Truist Bank,    RVW 3034,    Richmond, VA 23261
cr          +UNITED STATES OF AMERICA (IRS),    US Attorney's Office,    40 N Central Ave,    Suite 1800,
              Phoenix, AZ 85004,    UNITED STATES 85004-0932
cr           Victoria Gunvalson,    c/o Fennemore Craig, P.C.,    One S.Church Avenue,    Suite 1000,
              Tucson, AZ 85701-1627
13873271     AMERICAN EXPRESS,    P.O. BOX 297879,    Fort Lauderdale FL 33329-7879
14460751    +AMEX,    PO BOX 297871,    FORT LAUDERDALE, FL 33329-7871
14460754    +ARDEN PARK HOA,    PO BOX 60668,    PHOENIX, AZ 85082-0668
14460753    +BAILUS COOK & KELESIS, LTD,    517 SOUTH 9TH STREET,    LAS VEGAS, AZ 89101-7010
13873273   ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
             (address filed with court: Bk Of Amer,    Po Box 982238,    El Paso TX 79998)
14460750    +CALIFORNIA BUSINESS BU,    4542 RUFFNER ST STE 160,    SAN DEIGO, CA 92111-2238
13873274    +Cbna/SEARS,    Po Box 6283,    Sioux Falls SD 57117-6283
14460755     DALLAS COUNTY TAX,    ASSESSOR,    PO BOX 139066,    DALLAS, TX 75313-9066
14460667    +DESCIACCA GLASSWARE 1,    SOURCE,    81 W BOSTON,    CHANDLER, AZ 85225-7801
13913484    +JPMorgan Chase Bank, N.A.,    David W. Cowles,    2525 E. Camelback Rd, Ste 700,
              Phoenix, AZ 85016-4229
13873279    +Mcydsnb,    9111 Duke Blvd,    Mason OH 45040-8999
14460422   +++NEIGHBORHOOD CREDIT UN,    PO BOX 803476,    Dallas TX 75380-3476
14460419    +NET REP MARKETING,    840 S RANCHO DRIVE,    SUITE 4316,    LAS VEGAS, NV 89106-3837
13873280    +Rui Credit Services In,    1305 Walt Whitman Rd Ste,    Melville NY 11747-4849
14460420    +STAN,    JOHNSON-COHEN/JOHNSON, LLC,    255 E WARM SPRINGS ROAD,    LAS VEGAS, NV 89119-4233
13898462     SunTrust Mortgage, Inc.,    Bankruptcy Department RVW 3034,    PO Box 27767 Richmond, VA 23261
13873281    +Suntrust Mortgage/Cc 5,    1001 Semmes Ave,    Richmond VA 23224-2245
13873276   ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
             (address filed with court: Elan Financial Service,    777 E Wisconsin Ave,    Milwaukee WI 53202)
14460418    +VICTORIA GUNVALSON,    C/O LAW OFFICE OF HAYES & WELSH,    199 N ARROYO GRANDE BLVD,    SUITE 200,
              HENDERSON, NV 89074-1609
13873283    +ZWICKER & ASSOCIATES, P.C.,    1225 W. WASHINGTON STREET, STE. 110,    Tempe AZ 85281-1237
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
aty         +E-mail/Text: mail@rexandersonlaw.com Sep 09 2020 03:41:30      Rex C. Anderson,
              Law Office of Rex C. Anderson, P.C.,    Suite B111-471,    15029 N. Thompson Peak,
              Scottsdale, AZ 85260-2217
smg          E-mail/Text: bankruptcynotices@azdor.gov Sep 09 2020 03:39:31      AZ DEPARTMENT OF REVENUE,
              BANKRUPTCY & LITIGATION,    1600 W. MONROE, 7TH FL.,    PHOENIX, AZ 85007-2650
md          +E-mail/Text: mail@rexandersonlaw.com Sep 09 2020 03:41:30      Rex C Anderson,
              LAW OFFICE OF REX C ANDERSON PC,    15029 N THOMPSON PEAK PARKWAY,    SUITE B111-471,
              SCOTTSDALE, AZ 85260-2217
cr          +E-mail/Text: bankruptcymortgage@suntrust.com Sep 09 2020 03:40:38      SunTrust Bank,
              Bankruptcy Department,    VA - RVW - 3034,    P.O. BOX 27767,    RICHMOND, VA 23261-7767
14460756    +E-mail/Text: banko@acsnv.com Sep 09 2020 03:41:56      ALLIED COLLECTION SERV,
              3080 S DURANGO DR STE 20,    LAS VEGAS, NV 89117-9194
13873272    +E-mail/Text: bankruptcynotices@azdor.gov Sep 09 2020 03:39:31      ARIZONA DEPARTMENT OF REVENUE,
              BANKRUPTCY DIVISION FIELD 1011,    1600 W MONROE 7TH FLOOR,    Phoenix AZ 85007-2612
14031706     E-mail/Text: bnc-quantum@quantum3group.com Sep 09 2020 03:40:53
              Department Store National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
              Kirkland, WA 98083-0657
13873277    +E-mail/Text: sbse.cio.bnc.mail@irs.gov Sep 09 2020 03:40:18      IRS,    P O BOX 7346,
              Philadelphia PA 19101-7346
13873275     E-mail/PDF: ais.chase.ebn@americaninfosource.com Sep 09 2020 03:51:57      Chase Card,
              Po Box 15298,    Wilmington DE 19850
13873278     E-mail/PDF: ais.chase.ebn@americaninfosource.com Sep 09 2020 03:52:50      Jpm Chase,
              Po Box 24696,    Columbus OH 43224
13987844    +E-mail/Text: bankruptcydpt@mcmcg.com Sep 09 2020 03:41:04      Midland Funding, LLC,
              PO Box 2011,    Warren MI 48090-2011
14039266     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 09 2020 03:52:57
              Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
13873282    +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2020 03:52:40      Syncb/Care Credit,
              950 Forrer Blvd,    Kettering OH 45420-1469
                                                                                              TOTAL: 13
```

```
               ***** BYPASSED RECIPIENTS (continued) *****

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              AMERICAN EXPRESS CENTURION BANK
cr              Bank of America, National Association, as Assignee
cr              JPMORGAN CHASE BANK NA
cr              Truist Bank, successor by merger to SunTrust Bank
14460668        HOSPITAL H SAN JOSE DEL CABO,    CARRETERA TRANSPENISULAR KM 24.5,    FRACCION C-1, COL. CERRO,
                 COLORADO,    SAN JOSE DEL CABO, B.C.S., CP,    23406
14460421        MEDICA LOS CABOS,    ZARAGOZA S-N, COL. 5 DE,    FEBRERO,    SAN JOSE DEL CABO, BAJA,
                 CALIFORNIA SUR
sp              ##+MARK WESBROOKS,    THE WESBROOKS LAW FIRM,    8151 E INDIAN BEND ROAD,    SUITE 115,
                 SCOTTSDALE, AZ 85250-4826
14460752        ##+ANITA RENNER,    12224 E BIRCHWOOD PLACE,    CHANDLER, AZ 85249-5134
14460417         ##TATE & KIRLIN ASSOCIATES,    2810 SOUTHHAMPTON ROAD,    PHILADELPHIA, PA 19154-1207
                                                                                  TOTALS: 6, * 0, ## 3
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2020                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 4, 2020 at the address(es) listed below:
              ANNE ELIZABETH NELSON    on behalf of Creditor    UNITED STATES OF AMERICA (IRS)
               anne.nelson@usdoj.gov,    cathy.cuttitta@usdoj.gov,CaseView.ECF@usdoj.gov
              ANTHONY W. AUSTIN    on behalf of Creditor Victoria  Gunvalson aaustin@fclaw.com,
               gkbacon@fclaw.com
              DAVID WINTHROP COWLES    on behalf of Creditor    JPMORGAN CHASE BANK NA ecf@tblaw.com,
               gxh@tblaw.com
              HELEN ELIZABETH WELLER    on behalf of Creditor    Dallas County beth.weller@publicans.com
              LEONARD 3 MCDONALD, JR.    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               ecf@tblaw.com
              MARK   WESBROOKS    on behalf of Interested Party Robert   Williamson III wesbrooksefax@gmail.com
              MARK   WESBROOKS    on behalf of Debtor CATHERINE ANNE WILLIAMSON wesbrooksefax@gmail.com
              MARK   WESBROOKS    on behalf of Debtor ROBERT LANCASTER WILLIAMSON, III wesbrooksefax@gmail.com
              MARK   WESBROOKS    on behalf of Special Counsel MARK   WESBROOKS wesbrooksefax@gmail.com
              MARY K. FARRINGTON-LORCH    on behalf of Creditor    AMERICAN EXPRESS CENTURION BANK
               MaryKFL@farringtonlorchlaw.com, ecf@farringtonlorchlaw.com
              NATHAN FREDERICK JONES SMITH    on behalf of Creditor    Truist Bank, successor by merger to
               SunTrust Bank nathan@mclaw.org,    AZ_ECF@mclaw.org,mcecfnotices@ecf.courtdrive.com
              NATHAN FREDERICK JONES SMITH    on behalf of Creditor    Bank of America, National Association, as
               Assignee to Banc of America Mortgage Capital Corporation nathan@mclaw.org,    AZ_ECF@mclaw.org,
               mcecfnotices@ecf.courtdrive.com
              RUSSELL  BROWN    on behalf of Trustee RUSSELL  BROWN ecfmailclient@ch13bk.com
              RUSSELL  BROWN    ecfmailclient@ch13bk.com
              Rachel Elizabeth Flinn    on behalf of Trustee RUSSELL  BROWN rflinn@ch13bk.com,  dsmith@ch13bk.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                            TOTAL: 16
```

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>**CATHERINE ANNE WILLIAMSON**<br><br>                          **Debtor.**<br><br>**ROBERT LANCASTER WILLIAMSON, III**<br><br>                          **Debtor.**<br><br>This pleading applies to the case or cases as noted above. | Case No. **2:15-bk-15653-PS**<br>             **2:16-bk-00788-PS**<br><br>**CHAPTER 13 PLAN**<br><br>☐ Original<br>☐ Amended<br>☑ First Modified<br>☐ Payments include post-petition mortgage payments<br>☑ Flat Fee/Administrative Expense<br>☑ Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):

    ☑    A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).

    ☐    Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).

    ☑    Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor[2]. The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.
This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under 11 U.S.C. § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable non-bankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

    ☑    This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:**Revise treatment of claims and request moratorium of Plan payments, leaving only sufficient to pay post petition mortgage payment.**

Summarize how the Plan varies from the last Plan filed: **Due to the lack of disposable income, moratorium is requested.**

**(A) Plan Payments and Property to be Submitted to the Trustee.**

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

| | | |
|---|---|---|
| Local Form 2084-4 (12/17)<br>Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com | Chapter 13 Plan | Page 1<br>Best Case Bankruptcy |

Plan payments start on **January 13, 2016**. The Debtor shall pay the Trustee as follows:

$**1750** each month for month **1** through month **3**.
$**0** each month for month **4** through month **6**.
$**1845** each month for month **7** through month **18**.
$**0** each month for month **19** through month **19**.
$**5155** each month for month **20** through month **21**.
$**0** each month for month **22** through month **24**.
$**5250** each month for month **25** through month **33**.
$**0** each month for month **34** through month **35**.
$**5680** each month for month **36** through month **41**.
$**7960** each month for month **42** through month **45**.
$**3300** each month for month **46** through month **52** - **(Conduit Mortgage payments**)
$**0** each month for month **53** through month **56**. **(Moratorium, CARES Act Mortgage Forbearance - No Conduit)**
$**3600** each month for month **57** through month **60**. **(Moratorium, CARES Act Mortgage Forbearance - No Conduit)**
$**3600** each month for month **61** through month **84**. **(CARES Act 24 month extension - No Conduit)**

**\*$1,680.00 lumpsum payment in month 10**

The proposed plan duration is **84** months. The applicable commitment period is **60** months.

See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

> Debtor, Robert Williamson, individually and as a member of Vicki's Vodka, LLC, holds civil claim presented through civil action filed in the United States District Court for the District of Nevada, under Case Number 2:13-CV-01019-JAD-GWF and subsequently filed a second lawsuit in such same Court under Case No. 2:13-CV-02022-JAD-GWF (collectively "Nevada Lawsuits"). Such claim remains pending before such Court, without resolution at time of confirmation. To the extent that any recovery be obtained by the Debtor, through such civil action upon such claims, Debtors are ordered to turn over to the Trustee all net proceeds recovered upon such claims. Any funds from the Debtors' claims will be applied first to the unsecured, priority claims, then to the unsecured, nonpriority claims, and finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 60 months unless all claims are paid in full.

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

**(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

**(a)** *Adequate protection payments to creditors secured by personal property*.

☑ **None.** *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed*.

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|

☐ **Nonstandard Provisions.** See Section (H)

**(b)** *Mortgage Conduit Payments*.

☑ **None.**

~~The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.~~

**(2)** *Administrative expenses*. Code § 507(a)(2).

**(a)** *Attorney fees*. Debtor's attorney has agreed to:

☑ Pursuant to the Stipulated Order Confirming Sixth Amended Chapter 13 Plan as to Jointly Administered Cases dated December 23, 2019 [Doc. 270], Debtors' Counsel Mark Wesbrooks, The Wesbrooks Law Firm, P.L.L.C., is allowed an administrative claim in the total sum of $11,000.00, and an allowed unsecured nonpriority claim in the amount of $35,990.14. The unpaid sum of the administrative claim in the sum of $7,796.00 shall be paid the Trustee as an allowed administrative claim, subject only to claims of higher or equal priority. Such fees do not include compensation for services related to said Counsel's appointment as Special Counsel to the Estate or for services related to the MMM program, which are or shall be governed by separate Orders.

(a) For the First Modified Plan, Debtor's attorney received $0.00 before filing. The balance of **$3,500.00** or an amount approved by the Court upon application, shall be paid by the trustee as allowed administrative expenses.

**(b)** *Additional Services*. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i)  Before Confirmation:
   ☐ Adversary proceedings $.
   ☐ Lien Avoidance Actions $.
   ☐ Preparing and filing of any motion to sell property $.
   ☐ Other Flat Fees for $.

(ii) After Confirmation
   ☐ Preparing and filing of Modified Plan $.
   ☐ Responding to motion to dismiss and attendance at hearings $.
   ☐ Defending motion for relief from the automatic stay $.
   ☐ Adversary proceedings $.
   ☐ Lien Avoidance Actions $.
   ☐ Preparing and filing of any motion to sell property $.
   ☐ Other Flat Fees for $.

All other additional services will be billed at the rate of $**310.00** per hour for attorney time and $**95.00** per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

> (a) For the First Modified Plan, Debtor's attorney received $0.00 before filing. The balance of **$3,500.00** or an amount approved by the Court upon application, shall be paid by the trustee as allowed administrative expenses.

**(3)** *Leases and Unexpired Executory Contracts*.

☑ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed*.

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise,

the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

- **(a)** *Assumed*.

    No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| | | | |

☐ **Nonstandard Provisions.** See Section (H)

- **(b)** *Rejected*.

| Creditor | Property Description |
|---|---|
| | |

☐ **Nonstandard Provisions.** See Section (H)

**(4)** *Creditors with a Security Interest in Real Property*.

☐ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed*.

- **(a)** *Claim Wholly Unsecured*. The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| **-NONE-** | | | |

- **(b)** *No Pre-Petition Mortgage Arrears*. Regular post-petition mortgage payments shall be paid directly by the Debtor(s) to the secured creditor. o the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
| **ARDEN PARK HOA** | 2272 S. McCLELLAND PLACE Chandler, AZ 85286  Maricopa County | $129.00 |
| **Suntrust Mortgage/Cc 5** | 2272 S. McCLELLAND PLACE Chandler, AZ 85286  Maricopa County | $2,936.92 (May be Modified by CARES Act Forbearances |

- **(c)** *Curing of Default and Maintenance of Payments*. Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

    A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

Local Form 2084-4 (12/17)  
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 4  
Best Case Bankruptcy

Case 2:15-bk-15653-PS    Doc 288    Filed 09/08/20    Entered 09/10/20 21:49:00    Desc
Imaged Certificate of Notice    Page 6 of 10

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Amount Owed Through | Interest Rate, if applicable (i.e., HOAs) |
|---|---|---|---|---|---|
| DALLAS COUNTY TAX ASSESSOR | 5829 COPPERWOOD LANE #1129 Dallas, TX 75248 Dallas County | N/A | $5,313.53 for tax year 2016 and earlier. | 2016 | 12% |
| DALLAS COUNTY TAX ASSESSOR | 5829 COPPERWOOD LANE #1129 Dallas, TX 75248 Dallas County | N/A | $6,713.90 for tax years 2017 and 2018 taxes. | August 31, 2019 | 12% |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property*.

☐ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed*.

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims*.

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed*.

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| | | | |

☐ This debt has nonfiling codebtor(s) other than a spouse.
  Name(s) of other individual(s) liable: ____
  Post-petition payments to be made by: ☐ Trustee; or
  ☐ Nonfiling codebtor.

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims*.

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed*.

Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| | | | | |

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| **IRS**<br>**5829 COPPERWOOD LANE #1129**<br>**Dallas, TX 75248  Dallas County** | $53,724.00 | $109,234.00 | $53,724.00 | 4.00% |

☐ **Nonstandard Provisions**. See Section (H).

**(c) Lien Avoidance.**

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(c) is not to be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations.* The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **IRS** | 11 U.S.C. 507(a)(8) | $21,017.62 |

☐ **Nonstandard Provisions**. See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions.** See Section (H).

**(D)** <u>Surrendered Property</u>.

☑ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee

need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
|  |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☐ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☑ Provide the detail required above.

| Nonstandard Provisions |
|---|

**1)** Pursuant to the Notice of Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 180 days. ( Claim # 2 ) Dkt. 282, the debtors are in Mortgage Forbearance from month 53 (May 2020) to month 58 (October 2020). No conduit mortgage payments will be sent by the Trustee. Mortgage payments may resume in month 59 (November 2020) unless further mortgage forbearance is granted. No conduit mortgage payments will be sent by the Trustee for the remaining months of the plan whether or not additional forbearance is granted .

**2)** Pursuant to The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") enacted on March 27, 2020, Plan payment duration is increased to **84** months.

**3)** Creditor, Victoria Gunvalson, has filed a Proof of Claim [Claim No. 6] ("Claim") in Case 2:16-bk-00788. Such claim in the amount of $132,641.00 is allowed as an unsecured nonpriority claim; however, such Claim is subject to potential disallowance, in whole or in part, as a result of resolution of civil claims between the Debtors and such Creditor pending before the United States District Court for the District of Nevada, Las Vegas Division. The treatment of such Creditor may be impacted as a result of such civil proceedings, or through terms of settlement which may hereafter be approved by the Bankruptcy Court. In this regard, the Trustee is authorized to hold disbursements to creditors holding unsecured nonpriority claims pending resolution of the competing claims between the Debtors and Gunvalson or bankruptcy court approval of a settlement agreement resolving such claims in a manner that provides for allowance or disallowance (partial or in full) of Gunvalson's claim. Pending before the Court are Sealed Proceedings for purposes of the Court's consideration of the terms of a Confidential Settlement Agreement ("CSA"). The Court has been advised that the terms of such CSA provide for disallowance of Gunvalson's Claim in full. Although such Settlement Agreement may impact Gunvalson's Claim, such Settlement Agreement shall not operate in any manner such as to negatively impact other creditors holding claims of unsecured nonpriority status.

**(I)** **Plan Summary**. If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

| | | |
|---|---|---:|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ 27,645.00 |
| (2) | Administrative Expenses (§(C)(2)) | $ 12,046.00 |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ 0.00 |
| (4) (a) | Conduit Mortgage Payments (§ (C)(4)(c)) | $ 85,399.64 |
| (4) (b) | Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ 17,761.07 |
| (5) (a) | Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ 0.00 |
| (5) (b) | Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ 61,107.44 |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ 21,017.62 |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ 51,473.23 |
| (8) | Total of Plan Payments to Trustee | $ 276,450.00 |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | | |
|---|---|---:|
| (a) | Value of Debtor's interest in nonexempt property | $ 64,532.01 |
| (b) | Plus: Value of property recoverable under avoidance powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 6,476.60 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 21,017.62 |
| (e) | Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ 32,220.34 |

(2) Section 1325(b) Analysis:

| | | |
|---|---|---:|
| (a) | Monthly Disposable Income, Form B122C-2, (if less than $0, then state $0) | $ -7,837.84 |
| (b) | Applicable Commitment Period | $ 60 |
| (c) | Total of Line 2(a) amount x **60** | $ -470,270.40 |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | | $ 51,473.23 |

**Certification by Debtor(s) and Attorney for Debtor(s):** No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).

Dated: **September 4, 2020**

/s/ CATHERINE ANNE WILLIAMSON
**CATHERINE ANNE WILLIAMSON**
Debtor

/s/ ROBERT LANCASTER WILLIAMSON, III
**ROBERT LANCASTER WILLIAMSON, III**
Debtor

/s/ Mark Wesbrooks
**Mark Wesbrooks 018690**
Attorney for Debtor
**The Wesbrooks Law Firm, PLLC**
**15396 N. 83rd Ave.**
**Ste. C100**
**Peoria, AZ 85381**
**602-262-0390 Fax: 888-477-5598**
**wesbrooksefax@gmail.com**