**MARK WESBROOKS**
State Bar No. 018690
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
(602) 262-0390 Fax: (888) 477-5598
<wesbrooksefax@gmail.com.>
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re:<br><br>**CATHERINE ANNE WILLIAMSON,**<br><br>    Debtor.<br>_____<br>In Re:<br><br>**ROBERT LANCASTER WILLIAMSON, III,**<br><br>    Debtor._<br>_____<br>**This pleading applies to the case or cases as<br>noted above.** | CASE NO.  2:15-bk-15653<br>      2:16-bk-00788<br><br>CHAPTER 13<br><br>SECOND MODIFIED PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES<br><br>**(Jointly Administered)** |

Debtors propose the following Second Modified Chapter 13 Plan:

  1) **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

a. <u>Future Earnings or Income.</u>  Debtor shall make the following monthly plan payments:

| Months | Amount |
|---|---|
| 1-3 | $ 1,750.00 |
| 4-6 | $ 0.00 (Moratorium for lack of disposable income.) |
| 7-18 | $ 1,845.00 |
| 19 | $ 0.00 (Moratorium for lack of disposable income.) |
| 20-21 | $ 5,155.00 |
| 22-24 | $ 0.00 (Moratorium for lack of disposable income.) |
| 25-33 | $ 5,520.00 |
| 34-35 | $ 0.00 |
| 36-41 | $ 5,680.00 |
| 42-45 | $ 7,960.00 |
| 46-52 | $ 3,300.00 |
| 53-56 | $ 0.00 (Moratorium for lack of disposable income.) |
| 57-81 | $ 3,600.00 |
| 82-84 | $ 0.00 (Moratorium for lack of disposable income.) |

**Additional Plan Funding**
**Lump Sum Payment of $1,680.00 in month 10 from Case No. 16-00788**

b. <u>Other Property:</u>

None.  In the event that other property is submitted to the Trustee, it shall be treated as advance payment under paragraph 1(a) above, and shall reduce the Plan's duration, except that the duration shall not be shorter than 60 months.

2) **DURATION.**  This Plan shall continue for 84 months from (and including) the first payment.  If at any time before the end of this period all allowed claims are paid, the Plan shall terminate.  **In no event will the Plan duration be less than 60 months, exclusive of any property recovered by the trustee, unless all allowed claims are paid in full.  11 U.S.C. ' 1325 (b)(1).**

2) **CLASSIFICATION AND TREATMENT OF CLAIMS.**

Debtors assert that all provisions of the Stipulated Order Confirming Plan entered by the Court on April 30, 2020  [Doc. 279], as modified by the Court's Order Confirming First Modified Plan entered on February 4, 2021 [Doc. 305], shall remain in full force and effect, except as modified by this Second Modified Plan.

The following modifications are made:

1) As Debtors were not the prevailing party with respect to litigation field in the state of Nevada, with no recovery to the Bankruptcy estate, the requirement that Debtors provide payment of 100% of allowed claims is removed.

2) Unsecured nonpriority claimant, Victoria Gunvalson, shall have an allowed unsecured non-priority claim as asserted by the filing of her Proof of Claim 6 in Case No. 16-00788. Debtors no longer seek disallowance of such claim.

3) Debtors seek moratorium for payments 82 through 84, as Debtors' lacked sufficient available disposable income to make payments during such time.

4) For services related to the second modified plan, Debtors' Counsel shall be paid the sum of $3,500.00 or such sum as approved by the Court.

By the Debtors' signature below, Debtor indicates that he/she has read the foregoing Second Modified Chapter 13 Plan and Application for Administrative Expense, that such plan was reviewed and explained by Debtor's legal counsel, and that the Debtor approves and agrees to the each of the terms thereof.

PLAN DATED this 6TH day of February 2023,

/s/Robert Williamson
ROBERT WILLIAMSON, III.

/s/Catherine Williamson
CATHERINE WILLIAMSON

**THE WESBROOKS LAW FIRM, P.L.L.C.**

/S/mw018690
By Mark Wesbrooks,
Attorney for Debtor