# EXHIBIT A

APN No. 00-00079-989-007-0000

Prepared by, and after recording return to:
Cohen-Johnson, LLC
255 E. Warm Springs Road, Ste. 100
Las Vegas, NV 89119

Send Tax Statements To:
Robert L. Williamson III
5825 Copperwood Lane #1129E,
Dallas, Texas 75248-3510

ELECTRONICALLY RECORDED 201400256418
10/07/2014 11:45:33 AM DT 1/5

## Deed of Trust, Assignment of Rents and Request for Notice

This **Deed of Trust**, dated this 2nd day of September, 2014, is by, between and among, Robert L. Williams III ("Trustor") and Cohen-Johnson, LLC, ("Beneficiary") and/or ("Trustee").

WHEREAS Trustor owes Beneficiary in lawful money of the United States of America the sum of approximately Thirty-One Thousand Dollars ($31,000.00).

NOW, THEREFORE, for the purpose of securing:

(1)     a promissory note (the Note) dated the same date as the Deed of Trust;

(2)     each agreement of Trustor contained herein including payment of the Note and any extensions or renewals thereof; and

(3)     any money or other consideration with interest thereon that may be advanced by or otherwise become due to the Trustee or Beneficiary under the provisions of the Deed of Trust (the Property);

**Trustor irrevocably grants** to Trustee in trust with power of sale or transfer of that property in Dallas County, Texas, commonly known as and as more particularly described as:

PRESTON CONTRY CLUB CONDOS BLK A/8219 ACS 11.051 BLDG E UNIT 1129 CE% 0.23354 VOL2004119/10129 DD10272002 CO-DC 8219 00A 00000 3DA8219 00A

Commonly known as 5829 Copperwood Lane #1129, Dallas, Texas 75248-3510 (the "Property").

**Together with** all appurtenances in which Trustor has any interest, including water rights benefiting the Property whether represented by shares of a company or otherwise; and further

**ASSIGNMENT OF RENTS, ISSUES AND PROFITS.** Trustor assigns to Beneficiary all rents, issues and profits, reserving the right, power and authority during the continuance of these trusts to collect the rents, issues and profits of the Property or of any personal property located thereon without further action by the Beneficiary and with or without taking possession of the Property.

**TRUSTOR'S COVENANTS.**

    A.    **Maintain the Property.** Trustor shall properly care for and keep the Property in good condition and repair, not to remove or demolish any building thereon, to complete in a good and workmanlike manner any building which may be constructed thereon, and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws, ordinances and regulations requiring any alternations or improvements to be made thereon; not to commit or permit any waste thereof, not to commit, suffer or permit any act to be done in or upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do any other act or acts, all in a timely and proper manner, which, from the character or use of the Property, may be reasonably necessary, the specific enumerations herein not excluding the general.

    B.    **Pay Trustee's Costs, Fees and Expenses.** Trustor shall pay and discharge all costs, fees and expenses of Trustee, including cost of evidence of title and Trustee's fees in connection with sale, whether completed or not, which amounts shall become due upon delivery by Trustee of Notice of Breach and Election to Sell, as provided herein and by Nevada law.

    C.    **Hazard Insurance.** Trustor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term (extended coverage,) and such other hazards as Beneficiary may require and such amounts and for such periods as Beneficiary may require; provided, however, that Beneficiary shall not require that the amount of such coverage exceed the amount of coverage required to pay the sum secured by this Deed of Trust.

    D.    **Insurance Policy Proceeds.** The amount collected under any fire insurance policy shall be credited: (1) to accrued interest; (2) next to expenditures hereunder; and (3) any remainder upon the principal, and interest thereon shall cease upon the amount so credited upon principal; provided, however, that at the option of the Beneficiary, the entire amount collected under the policies or any part thereof may be released to Trustor, without liability upon the Trustee for such release.

    E.    **Defend Actions.** If, during the existence of the Trust, there be commenced or pending any suit or action affecting the Property, or any part thereof, or the title thereto, or if any adverse claim for or against the Property, or any part thereof, be made or asserted, Trustor shall appear in and defend any such matter purporting to affect the security herein granted and shall pay all costs and damages arising because of such actions.

    F.    **Eminent Domain.** Any award of damages in connection with the condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to

Beneficiary, who may apply or release such moneys received in the same manner and with the same affect as herein provided for disposition of proceeds of insurance.

G.  **No Waiver.**  Acceptance by Beneficiary of any sum of payment of any indebtedness secured hereby, after the date when the same is due, shall not constitute a waiver of the right either to require prompt payment, when due, of all other sums so secured or to declare default as herein provided for failure so to pay.

H.  **Reconveyance.**  Trustee may, at any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of the Property, reconvey any part of the Property, consent in writing to the making of any map or plat thereof, join in granting any easement thereon, or join in any extension agreement or subordination agreement in connection herewith.

I.  **Cancellation of Note.**  Upon receipt of a written request from Beneficiary reciting that all sums secured hereby have been paid and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and retention and upon payment of Trustee's fees, Trustee shall reconvey without warranty the Property.  The recitals in such reconveyance of any matters of fact shall be conclusive proof of the trust thereof.  The Grantee in such reconveyance may be described in general terms as "the person or persons legally entitled thereto"; and Trustee is authorized to retain this Deed of Trust and the Note.

J.  **Default; Sale.**

1. Should default be made by Trustor in payment of any indebtedness secured hereby or in performance of any agreement herein, Beneficiary may declare all sums secured hereby immediately due by delivery to Trustee of a written declaration of default and demand for sale and of written notice of default and election to cause the Property to be sold (which notice Trustee shall cause to be filed for record) and shall surrender to Trustee this Deed of Trust, the Note and all documents evidencing any expenditure secured hereby.

2. After three (3) months shall have elapsed following recordation of any such notice of default, Trustee shall sell the Property at such time and at such place in the State of Nevada as Trustee, in its sole discretion, shall deem best to accomplish the objects of these trust, having first given notice of such sale as then required by law.  Place of sale may be either in the county in which the Property, or any part thereof, is situated, or at an office of Trustee located in the State of Nevada.

3. The grantor, pledger and mortgagor of the personal property herein pledged or mortgaged waives any and all other demands or notices as conditions precedent to sale of such personalty.

4. Trustee may postpone sale of all, or any portion, of the Property by public announcement at the time fixed by said notice of sale and may thereafter postpone said sale from time to time by public announcement at the time previously appointed.

5. At the time of sale so fixed, Trustee may sell the Property so advertised or any part thereof either as a whole or in separate parcels at its sole discretion, ad public auction, to the highest bidder for cash in lawful money of the United States of America, payable at time of sale, and shall deliver to such purchaser a deed conveying the property so sold, but without covenant or warranty, express or implied. Trustor agrees to surrender, immediately and without demand, possession of the Property to such purchaser. Any person, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

6. Trustee shall apply the proceeds of any such sale to payment of: (1) expenses of sale and all charges and expenses of Trustee and of these Trusts, including cost of evidence of title and Trustee's fee in connection with sale and including ; (2) next, all sums expended under the terms hereof, not then repaid, with accrued interest at the rate of twelve percent (12%) per annum; (3) next, all other sums then secured hereby; and (4) the remainder, if any, to the person or persons legally entitled thereto.

K. **Transfer of Property Title by Deed.** In the alternative to the Trustee's power of sale, the Trustee at its own discretion may file a deed of conveyance executed by the Trustor should a default occur under this Deed or the Note.

L. **Successor Trustee.** The beneficiary or assigns may, at any time, by instrument in writing, appoint a successor or successors to the Trustee named herein or action hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the Office of the County Recorder of Clark County, shall be conclusive proof of the property substitution of such successor or trustee, who shall have all the estate, powers, duties and trusts in the premises vested in or conferred on the original Trustee. If there be more than one Trustee, either may act alone and execute the trusts upon the request of the Beneficiary and his acts shall be deemed to be the acts of all Trustees, and the recital in any conveyance executed by such sole Trustee of such requests shall be conclusive evidence thereof and of the authority to such sole Trustee to act.

M. **Binding Effect.** This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.

N. **Recordation.** Trustee accepts these trusts when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

O. **Construction.** In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, the singular includes the plural, and the term Beneficiary shall mean the holder and owner, including pledges, of the Note, whether or not named as a Beneficiary herein, or, if the Note has been pledged, the pledges thereof.

**NOTICES.** All notices required by the terms of this Deed of Trust shall be addressed to Trustor at the address set forth above.

**DUE ON SALE.** If all or any part of the Property described above or an interest therein is sold or transferred by Trustor without Beneficiary's consent, Beneficiary may declare all sums secured by this Deed of Trust immediately due and payable.

IN WITNESS WHEREOF, Trustor executes this Deed of Trust.

TRUSTOR

_____
Robert L. Williamson III
5825 Copperwood Lane #1129E
Dallas, Texas 75248-3510

## ACKNOWLEDGMENT

STATE OF NEVADA     )
                    ) ss.
COUNTY OF CLARK     )

On this 3rd day of August, 2014, Robert L. Williams III personally appeared before me, a Notary Public, known or proved to me to be the person whose name is subscribed to the above Deed of Trust, who acknowledged that she executed the instrument.



KELLY J. MONTGOMERY
Notary Public State of Nevada
No. 13-11183-1
My appt. exp. Jun. 19, 2017

_____
Notary Public in and for Said
County and State

**Filed and Recorded**
**Official Public Records**
**John F. Warren, County Clerk**
**Dallas County, TEXAS**
**10/07/2014 11:45:33 AM**
**$42.00**
**201400256418**

$31,000.00 +/-                                                        September 3, 2014

## Secured Promissory Note

FOR VALUE RECEIVED, the undersigned, Robert L. Williamson III, an individual, whose address is 5829 Copperwood Lane #1129, Dallas, TX 75248-3510 (the "Borrower"), promises to pay Thirty-One Thousand Dollars and No Cents ($31,000), together with interest according to the terms of this secured promissory note and accruing amounts (this "Note"), to the order of Cohen-Johnson, LLC (together with any future holder, the "Lender"), whose address is 255 E. Warm Springs Road, Ste. 100, Las Vegas, NV 89119 . Capitalized terms used but not defined in this Note shall have the meanings assigned to them in the Deed of Trust, as defined in Section 9 below.

1. **CONTRACT INTEREST RATE**

    The principal balance of this Note shall bear interest at the rate of eight percent (8 %) per annum (the "Note Rate"). Interest shall be calculated in arrears based on a 360-day year having twelve thirty-day months.

2. **SCHEDULED PAYMENTS**

    2.1 **Monthly Payments**

    Borrower shall not be required to make monthly payments, but may at his option do so thereby negating the principal due at the maturity of the loan.

    2.2 **FINAL PAYMENT**

    The Loan shall mature on the first day of August, 2016 (the "Maturity Date"), when the Borrower shall pay its entire principal balance, together with all accrued interest and any other amounts owed by the Borrower under this Note or under any of the other documents entered into now or in the future in connection with the Loan (the "Loan Documents").

    2.2(a) **AMOUNTS OWED**

    "Amounts owed" shall include future advances which are defined as any increase of the indebtedness or obligation owed to the secured party under the terms of the retainer agreement for any services provided by the secured party. This amount may affect the principal and interest owed on this note.

3. **APPLICATION OF PRINCIPAL AND INTEREST PAYMENTS**

    When the Lender receives a principal and interest payment, the Lender shall apply it first to interest in arrears, should the note be in default, or if the note is not in default then to the amortization of the principal amount of this Note, unless other amounts are then due under this Note or the other Loan Documents. If other amounts are due when a payment is received, the Lender shall apply the payment first to accrued interest and then, at its discretion, either to those other amounts or to principal.

4. **DEFAULT INTEREST**

    If a Default exists (as defined in Section 7 below) the outstanding principal balance of this Note shall, at the option of the Lender, bear interest at a rate (the "Default Rate") equal to the lesser of (i) fourteen percent (14%) per annum or (ii) the maximum rate allowed by law. If interest has accrued at the Default Rate during any period, the difference between such accrued interest and interest which would have accrued at the Note Rate during such period shall be payable on demand. If a court of competent jurisdiction determines that any interest charged has exceeded the maximum rate allowed by law, the excess of the amount collected over the legal rate of interest will be applied to the Indebtedness as a principal prepayment without premium, retroactively, as of the date of receipt, or returned to the Borrower if the Indebtedness has been fully paid.

5. **LATE CHARGE**

    If the Lender does not receive the scheduled payoff amount on or before the tenth (10th) day of the calendar month in which it is due, the Lender will send the Borrower written Notice that a late charge equal to five percent (5%) of the late payment has accrued. The Borrower shall pay any such late charge on or before the tenth day of the calendar month following the month during which the late payment was scheduled to have been received. Interest on unpaid late charges shall, at the Lender's discretion, accrue at the Default Rate beginning on the first day of the calendar month following their accrual.

6. **PREPAYMENT**

    This Note may be prepaid in full without penalty.

7. **DEFAULT**

    A default on this Note ("Default") shall exist if (a) the Lender fails to receive any required installment of principal and interest on or before the tenth (10th) day of the calendar month in which it is due, (b) the Borrower fails to pay the matured balance of this Note on the Maturity Date (c) a "Default" exists as defined in any other Loan Document or (d) If the Borrower retains other legal counsel for which the amount accrued herein originated. If a Default exists and the Lender engages counsel to collect any amount due under this Note or if the Lender is required to protect or enforce this Note in any probate, bankruptcy or other proceeding, then any expenses incurred by the Lender in respect of the engagement, including the reasonable fees and reimbursable expenses of counsel and including such costs and fees which relate to issues that are particular to any given proceeding, shall constitute indebtedness evidenced by this Note, shall be payable on demand, and shall bear interest at the Default Rate. Such fees and expenses include those incurred in connection with any action against the Borrower for a deficiency judgment after a foreclosure or trustee's sale of the Real Property under the Deed of Trust (defined below), including all of the Lender's reasonable attorneys' fees, property appraisal costs and witness fees.

8. **ACCELERATION**

    If a Default exists, the Lender may, at its option, declare the unpaid principal balance of this Note to be immediately due and payable, together with all accrued interest on the

Indebtedness, all costs of collection (including reasonable attorneys' fees and expenses) and all other charges due and payable by the Borrower under this Note or any other Loan Document. If the subject Default has arisen from a failure by the Borrower to make a regular monthly payment of principal and interest, the Lender shall not accelerate the Indebtedness unless the Lender shall have given the Borrower at least three (3) Business Days' advance Notice of its intent to do so.

If the subject Default is a Curable Nonmonetary Default, the Lender shall exercise its option to accelerate only by delivering Notice of acceleration to the Borrower. The Lender shall not deliver any such Notice of acceleration until (a) the Borrower has been given any required Notice of the prospective Default and (b) any applicable cure period has expired.

Except as expressly described in this Section, no Notice of acceleration shall be required in order for the Lender to exercise its option to accelerate the Indebtedness in the event of Default.

9. **SECURITY**

   This Note is secured by a Deed of Trust (the "Deed of Trust") concurrently granted by the Borrower to, for the benefit of the Lender, conveying certain real property (the "Real Property") located in the City of Dallas, Dallas County, Texas and granting a security interest in certain fixtures and personal property, of all or any portion of the Real Property encumbered by the Deed of Trust. Reference is made to the Loan Documents for a description of the security and rights of the Lender. This reference shall not affect the absolute and unconditional obligation of the Borrower to repay the Loan in accordance with its terms.

10. **SEVERABILITY**

    If any provision of this Note is held to be invalid, illegal or unenforceable in any respect, or operates, or would if enforced operate to invalidate this Note, then that provision shall be deemed null and void. Nevertheless, its nullity shall not affect the remaining provisions of this Note, which shall in no way be affected, prejudiced or disturbed.

11. **WAIVER**

    Except to the extent that such rights are expressly provided in this Note, the Borrower waives demand, presentment for payment, notice of intent to accelerate, notice of acceleration, protest, notice of protest, dishonor and of nonpayment and any and all lack of diligence or delays in collection or enforcement of this Note. Without affecting the liability of the Borrower under this Note, the Lender may release any of the Property, grant any indulgence, forbearance or extension of time for payment, or release any other person now or in the future liable for the payment or performance of any obligation under this Note or any of the Loan Documents.

    The Borrower further (a) waives any homestead or similar exemption; (b) waives any statute of limitation; (c) agrees that the Lender may, without impairing any future right to insist on strict and timely compliance with the terms of this Note, grant any number of extensions of time for the scheduled payments of any amounts due, and may make any other accommodation with respect to the Indebtedness evidenced by this Note; (d) waives any right to require a marshaling of assets; and (e) to the extent not prohibited by

applicable law, waives the benefit of any law or rule of law intended for its advantage or protection as a debtor or providing for its release or discharge from liability under this Note, excepting only the defense of full and complete payment of all amounts due under this Note and the Loan Documents.

Borrower also represents that he has reviewed the Secured Promissory Note with reasonable diligence and has had the opportunity to review this Document, the associated Deed of Trust and Quitclaim Deed with legal counsel, and been advised of his rights, responsibilities and legal consequences should a Default occur.

12. **VARIATION IN PRONOUNS**

All the terms and words used in this Note, regardless of the number and gender in which they are used, shall be deemed and construed to include any other number, singular or plural, and any other gender, masculine, feminine, or neuter, as the context or sense of this Note or any paragraph or clause herein may require, the same as if such word had been fully and properly written in the correct number and gender.

13. **REPLACEMENT OF NOTE**

If this Note is lost or destroyed, the Borrower shall, at the Lender's request, execute and return to the Lender a replacement promissory note identical to this Note, provided the Lender delivers to the Borrower an affidavit to the foregoing effect. Upon delivery of the executed replacement Note, the Lender shall indemnify the Borrower from and against its actual damages suffered as a result of the existence of two Notes evidencing the same obligation. No replacement of this Note under this Section shall result in a novation of the Borrower's obligations under this Note.

14. **GOVERNING LAW**

This Note shall be construed and enforced according to, and governed by, the laws of Nevada without reference to conflicts of laws provisions which, but for this provision, would require the application of the law of any other jurisdiction.

15. **TIME OF ESSENCE**

In the performance of the Borrower's obligations under this Note, time is of the essence.

16. **NO ORAL AGREEMENTS**

THIS NOTE AND ALL THE OTHER LOAN DOCUMENTS EMBODY THE FINAL, ENTIRE AGREEMENT OF THE BORROWER AND THE LENDER AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE LOAN AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF THE BORROWER AND THE LENDER. THERE ARE NO ORAL AGREEMENTS BETWEEN THE BORROWER AND THE LENDER. THE PROVISIONS OF THIS NOTE AND THE OTHER LOAN DOCUMENTS MAY BE AMENDED OR

REVISED ONLY BY AN INSTRUMENT IN WRITING SIGNED BY THE BORROWER AND THE LENDER.

IN WITNESS WHEREOF, the Borrower has caused this Note to be duly executed as of the date first above written.

BORROWER

By: _____
Robert L. Williamson III

Notice of Confidentiality Rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your Social Security Number or your Driver's License Number.

## QUITCLAIM DEED

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

KNOW ALL MEN BY THESE PRESENTS:

That Robert L. Williamson III, of the County of Dallas, State of Texas, hereinafter referred to as Grantor, for and in consideration of the sum of One Dollars ($1.00) and other good and valuable consideration received by Grantor from Cohen-Johnson, LLC, the receipt of which is hereby acknowledged, have Quitclaimed and do by these presents Bargain, Sell, Release and forever Quitclaim unto Cohen-Johnson, LLC all of Grantors' right, title, interest, claim and demand in and to that certain tract or parcel of land, situated in the County of Dallas, State of Texas, more particularly described as follows:

PRESTON CONTRY CLUB CONDOS BLK A/8219 ACS 11.051 BLDG E UNIT 1129 CE% 0.23354 VOL2004119/10129 DD10272002 CO-DC 8219 00A 00000 3DA8219 00A

APN No. 00-00079-989-007-0000

Commonly known as 5829 Copperwood Lane #1129, Dallas, Texas 75248-3510 (the "Property").

**TO HAVE AND TO HOLD** for said purposes together with all and singular the rights, privileges, and appurtenances thereto in any manner belonging unto Cohen-Johnson, LLC forever.

**IN WITNESS WHEREOF,** this instrument is executed on this the ____ day of August, 2014.

GRANTOR

_____
Robert L. Williamson III
5825 Copperwood Lane #1129E,
Dallas, Texas 75248-3510

## Acknowledgement

State of Nevada
County of Clark

This instrument was acknowledged before me on the 3rd of August, 2014 by Robert L. Williams III personally appeared before me, a Notary Public, known or proved to me to be the person whose name is subscribed to the above Quitclaim Deed, who acknowledged that she executed the instrument.



_____
Notary Public in and for Said
County and State

## Corporate Acknowledgment

State of Nevada
County of Clark

This instrument was acknowledged before me on on the 3rd of August, 2014 by H. Stan Johnson, Esq. as Manager of Cohen-Johnson, LLC who personally appeared before me, a Notary Public, known or proved to me to be the person whom executed the foregoing Deed on behalf of Cohen-Johnson, LLC.

_____
Notary Public in and for Said
County and State

KELLY J. MONTGOMERY
Notary Public State of Nevada
No. 13-11183-1
My appt. exp. Jun. 19, 2017